# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-CV-2245

ERIC C. DENNIS,

    Plaintiff,

v.

GEMINI CAPITAL GROUP, LLC; and EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Eric C. Dennis ("**Plaintiff**"), an individual consumer, against Gemini Capital Group, LLC (the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, this action seeks damages against Equifax Information Services, LLC ("**Equifax**") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "**FCRA**"), which requires consumer reporting agencies to use reasonable means to ensure the accuracy of consumer credit reports.

2. This is a case about mistaken identity. The Debt Collector filed a lawsuit in county court to collect a debt from "Eric Dennis". The Eric Dennis that the Debt Collector sought to sue was not Plaintiff. Nevertheless, the Debt Collector used its judgment against the other Eric Dennis to attempt to garnish Plaintiff's wages. Moreover, Equifax has reproted

the judgment against the other Eric Dennis on Plaintiff's consumer report. After being alerted to this fact, Equifax failed to conduct a reasonable reinvestigation and to remove the incorrect information.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681a(c), and 15 U.S.C. § 1692k(d).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendants transact business in this District and the conduct complained of occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in Polk County, State of Florida.

6. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

7. The Debt Collector is a Delaware corporation.

8. The Debt Collector does business in Colorado.

9. The Debt Collector has a place of business in Colorado at 80 Garden Center Suite 3, Broomfield, Colorado 80020.

10. The principal purpose of the Debt Collector in this state is the collection of debts.

11. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

12. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

13. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

14. Equifax is a Georgia corporation.

15. Equifax does business in Colorado.

16. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).

17. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

19. The Debt Collector obtained a judgment against "Eric Dennis" on a debt that was primarily for personal, family, or household purposes in that the financial obligation arose from a personal credit card (the "**Debt**").

20. The Debt was assigned or placed for collection by the original creditor to the Debt Collector after the Debt was in default.

21. The Debt is a "debt", as defined by 15 U.S.C. § 1692a(5).

22. The Debt Collector obtained a judgment in County Court for the City and County of Denver, State of Colorado case number 2012C52462 (the "**County Court Action**").

23. In the County Court Action, the Debt Collector submitted an affidavit of service (the "**Affidavit**") that states that the Debt Collector personally served Eric Dennis, a 39 year old white male, who was 5'10" tall and weighed 220 pounds.

24. Plaintiff does not fit this description.

25. The Affidavit further states that the Debt Collector served Eric Dennis at 2485 Curtis Street, Denver, Colorado 80205, his usual place of abode.

26. Plaintiff has never resided at this address.

27. On or about February 20, 2014, the Debt Collector served a writ of garnishment on Plaintiff's employer for the purpose of collecting the Debt.

28.     After learning that the Debt Collector had served the writ of garnishment on Plaintiff's employer, Plaintiff was severely embarrassed that the Debt Collector had cast him in false light.

29.     Plaintiff discovered that Equifax was reporting the Debt on his credit report.

30.     Upon learning that the Debt was appearing as a judgment on Plaintiff's Equifax credit report, Plaintiff contacted Equifax to dispute that the Debt should appear as a judgment on Plaintiff's credit report.

31.     At the same time, Plaintiff notified Equifax that Equifax was improperly including 2485 Curtis Street, Denver, Colorado 80205, as a former address for Plaintiff.  This is the same address where the Debt Collector allegedly served the other Eric Dennis.

32.     Equifax notified Plaintiff that Equifax had confirmed that the judgment was properly reported against him, but deleted 2485 Curtis Street, Denver, Colorado 80205 from his credit report.

33.     Equifax did not offer any explanation for these paradoxical conclusions.

34.     All of the information from the County Court Action, including the Affidavit, was available to Equifax during its reinvestigation of Plaintiff's dispute.

35.     Equifax also reports other pieces of incorrect and erroneous information on Plaintiff's consumer report, including that Plaintiff has resided at the Colorado State Public Defender's office.

## Respondeat Superior Liability

36.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

37.     The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

38.     The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

39.     The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

40.     By committing these acts and omissions against the Plaintiff, the agent was motivated to benefit its principal, the Defendant.

41.     The Debt Collector is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

## COUNT I
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**
**(Against Gemini Capital Group, LLC)**

42.     Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

43.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Among other things, the Debt Collector violated 15 U.S.C. § 1692e by misrepresenting that Plaintiff was responsible for the Debt.

45.     15 U.S.C. § 1692e(2)(a) prohibits a debt collector from making a false representation as to the character, amount, or legal status of any debt.

46.     Among other things, the Debt Collector violated 15 U.S.C. § 1692e(2)(a) by misrepresenting that Plaintiff was responsible for the Debt.

47.     15 U.S.C. § 1692f from using unfair and unconscionable means to collect any debt.

48. Among other things, the Debt Collector violated 15 U.S.C. § 1692f by collecting or attempting to collect the Debt from Plaintiff.

49. 15 U.S.C. § 1692f(1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Among other things, the Debt Collector violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect the Debt from Plaintiff.

51. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

52. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

53. As a direct consequence of the Debt Collector's acts, practices, and conduct, Plaintiff has suffered, and continues to suffer, from anger, anxiety, emotional distress, and frustration.

54. Plaintiff is entitled to damages in an amount to be determined at trial.

**COUNT II**
**(Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)**
**(Against Equifax Information Solutions, LLC)**

55. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

56. 15 U.S.C. § 1681e(b) requires a consumer reporting agency, when preparing a consumer report, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

58. 15 U.S.C. § 1681i requires a consumer reporting agency to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate, and record the current status of the disputed information, or delete the item from the, before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer

59. Among other things, Equifax violated 15 U.S.C. § 1681i on multiple occasions by:

    A. failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies;

    B. failing to conduct a lawful reinvestigation;

    C. failing to forward all relevant information from the furnisher of the incorrect credit information;

    D. failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and

    E. relying upon verification from a source it has reason to know is unreliable.

60. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

61. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

62. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eric Dennis prays for relief and judgment against Defendant Gemini Capital Group, LLC, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff Eric Dennis prays for relief and judgment against Defendant Equifax Information Services, LLC, as follows:

1. Awarding Plaintiff compensatory and punitive damages pursuant to 15 U.S.C. § 1681n and/or 1681o;;

2. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

3. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

4. Awarding such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///
///

## **TRIAL BY JURY**

Plaintiff Eric Dennis is entitled to and hereby demands a trial by jury.

Dated: August 12, 2014

                                      Respectfully submitted,

                                      /s/ Daniel J. Vedra
                                      Daniel J. Vedra
                                      Ahson B. Wali
                                      Vedra Wali LLC
                                      1435 Larimer St. Suite 302
                                      Denver, CO 80202
                                      Phone: (303) 937-6540
                                      Fax: (303) 937-6547
                                      Email: daniel.vedra@vwfirm.com
                                                    ahson.wali@vwfirm.com